UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH KAMINSKI,

    Plaintiff,

v.        Case No. 8:12-cv-826-T-24 MAP

BP EXPLORATION & PRODUCTION
INC. and BP AMERICA PRODUCTION
COMPANY,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on two motions: (1) Plaintiff's Motion to Remand (Doc. No. 7), which Defendants oppose (Doc. No. 10); and (2) Defendants' Motion to Stay Proceedings (Doc. No. 9), which Plaintiff opposes (11). As explained below, the motion to remand is denied, and the motion to stay is granted.

**I. Background**

Plaintiff Joseph Kaminski filed suit against Defendants BP Exploration & Production Inc. ("BP Production") and BP America Production Company ("BP America") in state court relating to the April 2010 sinking of the offshore drilling unit, Deepwater Horizon, and the resulting oil spill. In his complaint, Plaintiff alleges the following (Doc. No. 2): BP Exploration was designated as a responsible party for the oil spill. Plaintiff invented and designed certain techniques that would assist Defendants in controlling the source of the oil spill, and he offered them to Defendants in exchange for $2 million. Plaintiff contends that Defendants used his inventions without compensating him. As a result, Plaintiff asserts three claims: three counts of

breach of implied contract and three counts of unjust enrichment.

Defendants removed this case to this Court on the basis of diversity jurisdiction and federal question jurisdiction under the Outer Continental Shelf Lands Act. In response, Plaintiff filed the motion to remand. Two weeks later, Defendants filed the motion to stay proceedings.

## II. Motion to Remand

Plaintiff moves this Court to remand this case back to state court. Specifically, Plaintiff argues that this Court lacks subject matter jurisdiction due to allegedly non-diverse entities that are related to Defendants but are not named as parties in this lawsuit. The Court rejects Plaintiff's argument and concludes that diversity jurisdiction exists in this case.[1] See Lincoln Property Co. v. Roche, 546 U.S. 81, 94 (2005)(stating that when determining if diversity exists, corporations are not deemed to have acquired the citizenship of their affiliates).

Plaintiff is a citizen of Florida, and Defendants are both Delaware corporations with their principal places of business in Texas. (Doc. No. 2-1, ¶ 33-35). Plaintiff alleges that he offered his inventions to Defendants for $2 million and that they used the inventions without compensating him. As such, the amount in controversy exceeds $75,000. Accordingly, this Court finds that it has diversity jurisdiction, and the motion to remand is denied.

## III. Motion to Stay Proceedings

Defendants move this Court to stay these proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation. Upon consideration, the Court concludes that a stay of this case is appropriate. Furthermore, the Court will terminate Defendants' pending motion to

---

[1] Because the Court concludes that it has diversity jurisdiction, it need not address whether it also has federal question jurisdiction.

dismiss and directs Defendants to re-file it within fourteen days after a transfer decision has been made.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Plaintiff's Motion to Remand (Doc. No. 7) is **DENIED**.

(2)   Defendants' Motion to Stay Proceedings (Doc. No. 9) is **GRANTED**.  This case is stayed pending a transfer decision by the Judicial Panel on Multidistrict Litigation.

(3)   The Court **TERMINATES** Defendants' Motion to Dismiss (Doc. No. 12). Defendants are directed to re-file the motion within fourteen days after the Judicial Panel on Multidistrict Litigation issues its transfer decision.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of June, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record